BERTHA WIDER, PLAINTIFF-RESPONDENT, v. FREI BROTHERS, INC., DEFENDANT-APPELLANT.

Submitted January 20, 1942—Decided April 14, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Edward A. Harmon* and *George P. Moser.*

For the respondent, *Vincent M. Rieman* and *Herbert G. A. Muller.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the District Court of the City of Hoboken entered after a trial without a jury. The action was brought to recover for personal injuries sustained by the plaintiff by reason of a fall down the cellar stairway in a building owned by the defendant corporation in which plaintiff was a tenant. The stairway was maintained for the use of tenants to obtain access to storage space in the cellar and was under the control of the landlord. In accordance with tenement house requirements there was a metal covered door with spring hinges at the top of the stairway. There was a light over the stairs and a switch to turn it on located at the head of the steps, on the left-hand wall, inside the fireproof door. There was a marble floor saddle inside the cellar door which projected about one inch above the floor level of the hallway, and the steps leading down commenced a short distance from this saddle, there being no platform at the head of the steps.

On April 12th, 1940, shortly after one o'clock in the afternoon plaintiff desired to go to the cellar. She had used the stairway before but had never had occasion to turn on the light. On this day it was raining and the cellar way was so dark that she wanted the light on. She described the occurrence in the following language: "I wanted to go down to the cellar. I tried to put on the light, and I stood outside of the door to avoid the door saddle. And I tried to reach for the light, and I don't know if I lost my balance but I really don't know if the door pushed me off or if I reached too much, but I lost my balance."

Plaintiff testified that she had seen the switch on prior visits to the cellar but it was too dark for her to see it on the occasion of her fall. It was a little higher than her head and she reached for it and fell. Plaintiff was five feet tall. There was no testimony that the light switch was not in a place where such switches are customarily placed. There was no evidence of what proper construction required and nothing from which it could be inferred that defendant had departed from proper construction in the light and switch that it furnished for its tenants. While plaintiff did not say the door

pushed her off balance, she infers that it might have. But there is no evidence that there was anything about the door or the steps that was not in accord with good construction. On the contrary the door had been required by law and after installation had been approved by the Tenement House Commission.

In the situation presented by the proofs, we fail to see any failure on the part of the defendant to perform a duty owing to the plaintiff. A light was furnished. Plaintiff tried to turn it on but either due to her short stature or a mere failure to reach to the right place, she leaned over too far and lost her balance. From the proofs submitted, her fall and consequent injury were due entirely to her own conduct and cannot be attributed to any negligence on the part of the defendant. There is no evidence to support the judgment and it will be reversed.